UNITED STATES DISTRICT COURT for the
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
CHARLES COLEMAN, JOHN T. COONEY, JR., JAMES : **AFFIDAVIT OF**
BODRATO, and JOHN J. CHIAFFI, in their fiduciary capacity : **VINCENT F. O'HARA**
as Trustees for the LABORERS LOCAL 754 HEALTH & : **IN SUPPORT OF**
WELFARE FUND, PENSION FUND, SAVINGS FUND, : **DEFAULT JUDGMENT**
ANNUITY FUND, INDUSTRY ADVANCEMENT FUND, :
DUES SUPPLEMENT FUND, LECET FUND, NATIONAL :
HEALTH AND SAFETY FUND, NYSLPAFUND, 754 LECET :
FUND, TRAINING FUND and ORGANIZING FUND; and :
CHARLES COLEMAN and JOHN J. CHIAFFI, as Officers : 07-CV-9404
of LABORERS LOCAL UNION 754, : (Scheindlin, J.)
: (Ellis, M.J.)
Plaintiffs, :
:
-against- :
:
JV EXCAVATORS AND CONTRACTORS L.L.C., :
JOHN VETERI, JOHN VETERI, JR., and DOE FIDUCIARY, :
:
Defendants. :
---------------------------------------------------------------------------X

STATE OF NEW YORK )
                  : ss:
COUNTY OF NEW YORK )

Vincent F. O'Hara, being duly sworn, deposes and says:

1.   I am an attorney duly admitted to practice before the United States District Court for the Southern District of New York. I am a member of the law firm of Holm & O'Hara LLP which represents the Plaintiffs in the above-captioned action. I am fully familiar with the facts and circumstances of this action.

2.   I submit this Affidavit in support of Plaintiffs' application for the entry of a default judgment against JV Excavators and Contractors, L.L.C. ("JV EXCAVATORS"), as to liability, damages, and injunctive relief pursuant to Rules 55.1 and 55.2 of the Civil Rules for the Southern District of New York.

3.     This is an action to recover dues and contributions owed by defendant to Plaintiffs Laborers' Local 754 ("Local 754") and the Local 754 Joint Benefit Funds ("FUNDS"), under federal law and contract law for work done from May 1, 2007 to date.

4.     Jurisdiction of the subject matter of this action is based on federal question jurisdiction. This is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq. and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §141, et seq., and the common law. Jurisdiction over the causes of action alleged herein is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337; by 29 U.S.C. §§185(c), 1002(21), 1132(a)(3), 1132(d), 1132(e)(1), 1132(f), and 1145.

5.     This action was commenced on October 19, 2007 by the filing of the summons and complaint (See Exhibit "A"), and amended summons and amended complaint (See Exhibit "B") was filed on December 13, 2007 . A copy of the amended summons and amended complaint was served on defendant JV Excavators and Contractors, L.L.C. on December 14, 2007 by sending a request for waiver of service by first class mail to JV Excavators' representative, Paul Mandal, at Dreifuss, Bonacci, & Parker, LLP. Service was waived and proof of such waiver was filed on ECF on December 17, 2007. A copy of the amended complaint and amended summons was served on John Veteri by sending a request for waiver of service to his representative, Paul Mandal, at Dreifuss, Bonacci, & Parker, LLP. Service was waived and proof of such waiver was filed on ECF on December 18, 2007. A copy of the amended complaint and amended summons was served on John Veteri, Jr. on January 28, 2008 by personal delivery by a process server at the address of JV Excavators and Contractors, L.L.C. Proof of service was filed on ECF on February 1, 2008.

6. On February 28, 2008, the Court held a conference with the parties in this action. The Court ordered the defendant to produce the Rule 26 Initial Disclosures by March 21, 2008. Defendants never produced said disclosures. On April 11, 2008, plaintiffs asked permission from the Court to move for default judgment due to defendant's failure to produce and defend. Permission was granted by the Honorable Shira Scheindlin on April 14, 2008.

7. The defendants are not infants, in the military, or incompetent.

8. This action seeks judgment for the liquidated amount of $6,539.40 in contributions and dues plus pre-judgment interest at the prime rate (8.25%) for contributions and pre-judgment interest at 9% for dues accrued for May and June 2007 amounting to $1,030.16, liquidated damages on contributions at 20% amounting to $2,028.00, costs of the action amount to $350, service fees of $40.00, and attorney's fees at $15,669.97, for a total as of June 12, 2008 of $25,657.53 as shown by the attached Exhibits, which is justly due and owing, and no part of which has been paid except as therein set forth.

9. Plaintiffs filed this Complaint on the basis of: a) the collective bargaining agreement between Local 754 and JV EXCAVATORS for the period April 1, 2005 through April 1, 2008 ("CBA") (See Exhibit "C"); b) the rights afforded the FUNDS under ERISA 29 U.S.C. §1001 et seq., specifically 29 U.S.C. § 1132; c) the rights afforded Local 754 under the LMRA 29 U.S.C. § 141 et seq., specifically 29 U.S.C. § 185; and d) the rights afforded the FUNDS and Local 754 under the common law.

10. Plaintiffs sought relief against defendant JV EXCAVATORS as follows:

a) for each of the following, pursuant to ERISA and/or the CBA, for the periods May 1, 2007 through the present, subject to verification by audit: (i) all outstanding fringe benefit contributions; (ii) all outstanding union dues and assessments (collectively "Dues"); (iii)

interest calculated at the statutory rate on all unpaid contributions found to be due and owing to date and continuing to accrue during the pendency of this action; (iv) accrued pre-judgment interest on all unpaid Dues found to be due and owing to date and continuing to accrue during the pendency of this action; (v) statutory liquidated damages of twenty percent (20%) on all unpaid contributions found due and owing; and (vi) attorneys' fees, costs and expenses from this action to date and continuing to accrue during the pendency of this action;

      b) in the form of an Order under 29 U.S.C. § 1132 and the common law as to each of the following: (i) permitting the FUNDS the right to estimate and enter judgment on the amount of JV EXCAVATORS' contributions due and owing and to assess pre-judgment interest at the prime rate (as defined in the CBA) on said contributions, liquidated damages of twenty percent (20%) on said contributions, audit costs, reasonable attorneys' fees, costs and expenses; (ii) requiring JV EXCAVATORS to provide the FUNDS' auditor with the books and records necessary to conduct an audit; and (iii) submit payroll remittance reports showing all employees and hours for which contributions are due and owing from May 1, 2007 to date and continuing during the pendency of this action; and

      c) For such other and further relief as the Court deems just and proper. (See Exhibit "A.")

## PARTIES

11.    Plaintiffs, FUNDS, are jointly trusteed multi-employer plans established pursuant to a collective bargaining agreement in accordance with 29 U.S.C. § 186(c)(5). The FUNDS are employee benefit plans within the meaning of 29 U.S.C. §§ 1002(2), (3), and 1132(d)(1), and are multi-employer plans within the meaning of 29 U.S.C. §§ 1002(37) and 1145. The FUNDS are authorized under 29 U.S.C. § 1132(d)(1) to maintain suit as an independent legal entity.

12. Plaintiff Local 754 is a labor organization within the meaning of 29 U.S.C. § 185 and an employee organization pursuant to 29 U.S.C. § 1002(4) which represents employees in industries or activities affecting interstate commerce as defined in 29 U.S.C. § 1002(12).

13. Defendant JV EXCAVATORS is an employer within the meaning of 29 U.S.C. §§ 1002(5) and 1145 and is engaged in an industry affecting interstate commerce within the meaning of 29 U.S.C. § 185. Further, JV EXCAVATORS is a signatory to a collective bargaining agreement with LOCAL 754 which expressly incorporates by reference the declaration of trust agreements.

14. Defendant JOHN VETERI ("VETERI") is an owner and officer/or director of JV EXCAVATORS and is a fiduciary as defined by ERISA, 29 U.S.C. § 1002(21). Upon information and belief, VETERI exercised direct control over the assets of defendant JV EXCAVATORS and exercised control or authority over the disposition of plan assets that should have been held in trust by JV EXCAVATORS and remitted to the FUNDS.

15. Upon information and belief, Defendant JOHN VETERI, JR. ("VETERI, JR."), the son of VETERI, is the incorporator, agent and/or officer of JV EXCAVATORS and is a fiduciary as defined by ERISA, 29 U.S.C. § 1002(21). Upon information and belief, VETERI, JR. exercised direct control over the assets of defendant JV EXCAVATORS and exercised control or authority over the disposition of plan assets that should have been held in trust by JV EXCAVATORS and remitted to the FUNDS.

### JV EXCAVATORS IS LIABLE UNDER THE CBA, ERISA AND COMMON LAW

16. On May 7, 2007, the CBA with Local 754, which is effective April 1, 2005 through April 1, 2008, was executed by VETERI as "pres" on behalf of himself and JV EXCAVATORS (See Exhibit "D").

17.    Article VIII – Article XIX of the CBA, as amended by the April 2007 Contribution and Dues Rates (See Exhibit "E"), requires VETERI and VETERI, JR. (collectively the "VETERIS") and JV EXCAVATORS (collectively "EMPLOYER") to pay to the FUNDS $18.90 per hour for work done in accordance with the CBA, for each hour paid to laborers employed by the EMPLOYER.

18.    Article XXI of the CBA provides for payment from a delinquent employer of all contributions owed, together with liquidated damages of 20% of the unpaid principal, interest at the prime rate, attorneys' fees, court costs and audit fees, all in accordance with ERISA.

19.    Pursuant to ERISA, 29 U.S.C. §§ 1132(a)(3) and (g)(2), Defendants are liable to FUNDS for: (a) the unpaid contributions; (b) a complete audit of JV EXCAVATORS' books and records; (c) interest on the unpaid contributions at the statutory rate; (d) liquidated damages of 20% as set forth in the CBA; (e) attorneys' fees and costs of the action; and (f) such other legal or equitable relief as the court deems appropriate.

20.    Plaintiffs seek entry of default judgment against JV EXCAVATORS on all issues of liability and damages.

21.    As determined by the FUNDS' records, there are dues and delinquent contributions due and owing to the FUNDS from Defendant which are from the period of May 1, 2007 to date in the sum of at least $6,539.40 (See Exhibit "F") as a result of work performed by individual employees pursuant to the CBA.

22.    No part of the contributions have been paid by Defendant although all have been duly demanded.

23.    Pursuant to ERISA, 29 U.S.C. §§ 1132(a)(3) and (g)(2), Defendants are liable to FUNDS for: (a) the unpaid contributions and dues, in the amount of $6,539.40; (b) interest on

the unpaid contributions at the statutory rate, amounting to $802.53; (e) liquidated damages of 20% as set forth in ERISA, amounting to $2,028.00; (f) attorneys' fees of $15,669.97 (See Exhibit "G"), and costs of the action amounting to $350.00; and (g) such other legal or equitable relief as the court deems appropriate, totaling $25,389.90.

24. Pursuant to the CBA, EMPLOYER is liable to Local 754 and the FUNDS for: (1) the unpaid contributions and dues, amounting to $6,539.40; (2) interest on the unpaid contributions determined at the prime rate of 8.25% and interest on the unpaid dues at the rate of 9% amounting to $1,030.16; (3) liquidated damages of 20% of the unpaid contributions, amounting to $2,028.00; and (4) attorneys' fees of $15,669.97 and costs of this action amounting to $350.00, totaling $25,617.53.

WHEREFORE, plaintiffs request the entry of Default Judgment as to liability and damages against defendants.

Dated: New York, New York
      June 12, 2008

                                                  HOLM & O'HARA LLP
                                                  Attorneys for Plaintiffs

                                                  By: _____
                                                       Vincent F. O'Hara
                                                       3 West 35th Street, 9th Floor
                                                       New York, New York 10001
                                                       (212) 682-2280
                                                       vohara@holmandohara.com

Sworn to before me this 12th
day of June, 2008.

_____
Notary Public
Dated: New York, New York
      June 12, 2008

                            VALERIA A. KOZHICH
                      Notary Public, State of New York
                           No. 02KO6173250
                         Certified in New York County
                     Term Expires on August 27, 20__